IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:11-cr-233-X (01) |
| | § | |
| RICHARD WARNER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Richard Warner pled guilty to a one-count information filed in this district charging him with transporting and shipping child pornography, in violation of 18 U.S.C. § 2252(a)(1). In January 2013, he was sentenced to 210 months of imprisonment, the lowest end of his advisory guidelines range, which was capped by the statutory maximum of 240 months. Warner did not file a direct appeal.

But he has challenged his conviction and sentence under both 28 U.S.C. § 2255 and 28 U.S.C. § 2241, invoking the savings clause of Section 2255(e). His Section 2255 motion was summarily denied. *See Warner v. United States*, Nos. 3:14-cv-333-P, 3:11-cr-233-P-1, 2014 WL 5032731 (N.D. Tex. Oct. 8, 2014), *appealed dismissed*, No. 14-11324 (5th Cir. Jan. 6, 2015).

And his Section 2241 petition was dismissed for lack of jurisdiction. *See Warner v. Chandler*, No. 3:16-cv-1301-D-BN, 2016 WL 2752971 (N.D. Tex. May 16, 2016), *rec. adopted*, 2016 WL 3748316 (N.D. Tex. July 11, 2016), *appeal dismissed*, 690 F. App'x 216 (5th Cir. 2017) (per curiam) (concluding that, "[b]ecause Warner was not entitled to proceed under the savings clause of § 2255(e), he has no nonfrivolous argument that the district court erred in dismissing his § 2241 petition for lack of jurisdiction

or by certifying that his appeal would not be taken in good faith").

Warner now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See* Dkt. Nos. 45 & 46.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But, under Section 3582(c)(1)(A), as amended by the First Step Act, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1.

Before a defendant may bring his own motion—as Warner does now—"[t]he First Step Act, in clear language, specifies" that "a defendant must submit a request to 'the Bureau of Prisons to bring a motion on the defendant's behalf.'" *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). "The prefiling administrative exhaustion requirement is not jurisdictional, but it is a mandatory claim-processing rule." *United States v. Harmon*, 834 F. App'x 101, 101–02 (5th Cir. 2021) (per curiam) (citing *Franco*, 973 F.3d at 467–68)). And, if "the Government properly raise[s] the rule requiring exhaustion in the district court, 'the court *must* enforce the rule.'" *Id.* at 102 (quoting *Franco*, 973 F.3d at 468; emphasis by *Franco*).

Here, Warner alleges, in his initial motion, filed under the prison mailbox rule

on December 10, 2020, *see* Dkt. No. 45 at 43, that he "filed an application for Compassionate Release to Warden Eric Wilson, Warden of FMC – Ft. Worth, dated October 30, 2020. It has now been more than 30 days since that filing." *Id.* at 7. And, for the purpose of ruling on Warner's motion, which the Court elected not to serve on the government, the Court will accept that Warner has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (exhaustion may be found where there is a "lapse of 30 days from the receipt of [a defendant's] request by the warden of the defendant's facility").

Turning to the merits of Warner's request, although the First Step Act empowered defendants to file motions under Section 3582(c)(1)(A) "directly in district court," *United States v. Cooper*, 996 F.3d 283, 287 (5th Cir. 2021), the Act left in place the three "other requirements" to obtain relief—that [1] prisoners "still must show 'extraordinary reasons'; [2] they still must show that compassionate release is consistent with applicable policy statements from the [United States Sentencing] Commission; and [3] they still must convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors,'" *id.* (quoting *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021)).

But, where an inmate files a motion on his own behalf, the second requirement now no longer applies. *See Cooper*, 996 F.3d at 288 ("[B]ecause [U.S. Sentencing Guidelines (or U.S.S.G.) Manual] § 1B1.13 is not an 'applicable policy statement' to compassionate release motions filed by prisoners, 'neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under

§ 3582.'" (quoting *Shkambi*, 993 F.3d at 392–93)); *United States v. Coats*, 853 F. App'x 941, 942 (5th Cir. 2021) (per curiam) ("In *United States v. Shkambi*, this court joined our sister circuits in holding that § 1B1.13 does not actually apply to § 3582(c)(1)(A)(i) motions brought by the inmate." (citation omitted)).

Even so, following *Shkambi*, several district courts in this circuit have held that, "[w]hile not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes an extraordinary and compelling reason for compassionate release." *United States v. Foots*, No. 3:17-CR-0285-B-1, 2021 WL 3054891, at *2 (N.D. Tex. July 20, 2021) (citing *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (pre-*Shkambi*); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curium) (pre-*Shkambi*); *United States v. Contreras*, No. 4:18-CR-46(12), 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (post-*Shkambi*)).

Warner proffers as extraordinary and compelling reasons for the Court to now release him on compassionate grounds (1) that, at his sentencing, the Court should not have applied a four-point enhancement to his guideline sentence under U.S.S.G. § 2G2.2(b)(3) and (2) that the Court misapplied a five-point enhancement to his guideline sentence under U.S.S.G. § 2G2.2(b)(7)(B) (arguing instead that the Court should have only applied a two-point enhancement). *See* Dkt. No. 45 at 13–20. Warner also cites COVID-19's impact on the institution where he is incarcerated. *See id.* at 22-25. And he moves to supplement the pending motion for compassionate release to raise *Shkambi*, decided after he first moved for a sentence reduction. *See* Dkt. No. 46.

Following *Shkambi*, Section 1B1.13 may no longer bind courts where a defendant brings his own motion. But, even where (unlike here) a change in the law means that, if the defendant were sentenced today, his guideline range would be substantially lower because (for example) a career offender enhancement under the advisory guidelines would no longer apply, the relief afforded under § 3582(c)(1)(A)(i) remains "relatively narrow in scope and is primarily premised upon a change in a defendant's personal circumstances, not a change in the law." *United States v. Gharib*, No. 4:14-CR-53(1), 2021 WL 3612086, at *9 (E.D. Tex. Aug. 13, 2021) (citing *United States v. Ross*, No. 3:08-cr-167-B-3, 2020 WL 3977113, at *2 (N.D. Tex. July 14, 2020) ("[T]hough the Court recognizes that it is not strictly confined to the parameters of § 1B1.13 in determining the propriety of compassionate release, a change in law alone does not rise to the level of extraordinary and compelling circumstances. If the Court were to hold otherwise, 'every inmate who might receive a reduced sentence today would be eligible for compassionate release[.]'" (citations omitted))).

And an assertion that the district court misapplied the sentencing guidelines may generally only be raised on direct appeal, as "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed," and "[m]isapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citations omitted); *see also, e.g.*, *Qualls v. United States*, No. 4:20-cv-

1278-O (No. 4:18-cr-293-O), 2021 WL 1237119, at *3 (N.D. Tex. Apr. 2, 2021) ("Misapplication of the sentencing guidelines, as alleged in this ground, are not cognizable in a § 2255 proceeding. This ground could and should have been raised on direct appeal and cannot be raised now except on a showing of cause and prejudice." (citations omitted)).

Such a claim may also not be raised through a Section 2241 habeas petition under the savings clause of Section 2255(e). *See Abram v. McConnell*, 3 F.4th 783, 785 (5th Cir. 2021) ("Generally, if a prisoner has challenged his conviction with a failed § 2255 motion, he doesn't get a second bite at the apple under § 2241. In fact, a prisoner generally can't use § 2241 to challenge his conviction. But there's an exception: Under § 2255(e)'s 'savings clause,' a prisoner can use § 2241 to challenge his conviction if § 2255 'is inadequate or ineffective to test the legality of his detention.' And § 2255 is 'inadequate or ineffective' if '(1) the § 2241 petition raises a claim that is based on a retroactively applicable Supreme Court decision; (2) the claim was previously foreclosed by circuit law . . . and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense.'" (citation omitted)).

So, under the circumstances here, the Court will not consider Warner's legal arguments cloaked as extraordinary and compelling reasons under Section 3582(c)(1)(A)—arguments that are otherwise long foreclosed—because to do so "would allow the compassionate release statute to operate in a way that creates tension with the principal path and conditions Congress established for federal

prisoners to challenge their sentences." *United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021) ("That path is embodied in the specific statutory scheme authorizing post-conviction relief in 28 U.S.C. § 2255 and accompanying provisions." (citation omitted)).

Finding that Warner's arguments as to the application of the advisory guidelines at his sentencing are not extraordinary and compelling reasons to justify compassionate release, the Court turns to his assertions related to the COVID-19 pandemic. Those assertions fare no better.

Warner does not move for compassionate release based on his individual health conditions, such as urging the Court that an underlying health condition (or combination of conditions) makes him more susceptible to serious illness or death should he contract COVID-19. *Cf. United States v. Conner*, 465 F. Supp. 3d 881, 889-90 (N.D. Iowa 2020) ("Numerous courts have held that a defendant's health conditions and the presence of COVID-19 within BOP facilities constitute extraordinary and compelling reasons for compassionate release." (cataloguing some 20 examples)).

Instead, he argues that he should be released because his institution is "ill-prepared" to mitigate the spread of the virus. Dkt. No. 23-25 (concluding that "[n]one of the policies and procedures initiated by BOP staff have been even the least bit effective in stopping the spread of COVID-19. Regardless of age or health condition, all inmates at FMC – Ft. Worth, whether they be determined as negative, positive, or 'recovered,' are at substantial risk of dying from the contagion." (cleaned up)).

Warner's broad concerns about the spread of COVID-19 at his institution is not an extraordinary reason justifying compassionate release. The Court "must consider every prisoner individually and [is] cautious about making blanket pronouncements that [even particular] categories of prisoners . . . warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic." *United States v. Delgado*, No. 3:17-CR-242-B (01), 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020); *see also United States v. Love*, No. 3:14-cr-300-B-3, 2020 WL 5250541, at *3 (N.D. Tex. Sept. 2, 2020) ("[T]he general circumstances of the COVID-19 pandemic do not form a basis for compassionate release. The Court recognizes the unprecedented nature of COVID-19 and understands [a defendant's] fear of contracting the virus. Nevertheless, incarcerated individuals nationwide face [the] same circumstances. Thus, the existence of the COVID-19 pandemic fails to demonstrate extraordinary reasons specific to [a moving defendant]." (citation omitted)).

The Court therefore GRANTS the motion to supplement the motion for compassionate release [Dkt. No. 46] and DENIES Defendant Richard Warner's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) as supplemented [Dkt. No. 45].

**IT IS SO ORDERED** this 27th day of August 2021.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE